HARRIET J. BEDELL AND MORTON P. BEDELL, PLAINTIFFS, v. SAMUEL MANDEL AND STEPHEN TANIE, DEFENDANTS.

Argued October 10, 1930—Decided June 19, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Joseph T. Lieblich.*

*Contra, John A. Matthews.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff Harriet J. Bedell, a pedestrian, was injured on December 24th, 1927, while crossing Franklin avenue, Nutley, by an automobile driven by the

defendant Tanie, the agent of the defendant Mandel, the owner of the car.

On March 7th, 1930, she recovered, at the Essex Circuit, a verdict of $15,000, and her husband a verdict of $8,000 for the consequential damages to him arising from the injury to his wife.

It is convenient to deal first with the defendants' contention that the verdicts should be set aside because against the weight of the evidence upon the question of the negligence of the driver of defendant's car, and the question of the contributory negligence of Mrs. Bedell.

We think there is no merit in this contention. Whilst the evidence bearing upon these questions was more or less in conflict, we consider that the jury was amply justified in finding as they did for the plaintiffs, and that such verdicts were not against the weight of the evidence. It reasonably tended to show that the plaintiff stepped from the running board of her friend's automobile which was "parked" along the street; that as she did so, she looked in both directions and saw that there were no vehicles traveling the street excepting the defendant's automobile, which was coming "away up the street" about three hundred feet away, and she "knew" that she "had time to cross;" that she proceeded to cross and had almost reached the fourth rail of the two street car tracks in the street; that she had heard no horn or warning, but then noticed defendant's car coming directly towards her; that she then hurried but the defendant's car swerved towards her and hit her and dragged her a distance which she said was the length of the court room.

We now examine the contention of defendant Mandel that the judge erred in refusing to direct a verdict in his favor.

We think that this point is without merit. He was the owner of the car. He directed his servant, the defendant Tanie, to drive from his place of business in Paterson and deliver a check to one Kuntz in Newark, and told him to go through Hazel road and Bloomfield to Newark "and to hurry back," but gave no direction as to the route to be used in

returning. Tanie went to Newark through Hazel road and Bloomfield, and was returning to Paterson via Franklin avenue, Nutley, a direct but slightly longer route to Paterson, when the accident happened on Franklin avenue, Nutley.

Certainly there was no such deviation from the master's instruction as to preclude recovery as a matter of law. To relieve a master from liability for the act of his servant done by the servant while engaged in his master's work, the act done by the servant must be entirely disconnected from the service; and where, as here, a servant, in the course of his employment, is directed to drive his master's automobile to a certain place for a certain purpose by a certain route, and then to "hurry back" but by no particular route, and in returning by a direct but slightly longer route, injures a pedestrian, it is not the circumstance of the deviation from the slightly shorter route that determines the question of liability, but whether the act of deviation in itself was so disconnected from the master's service as to exonerate him from liability, and that question was for the jury and not for the court to determine. *Dunne* v. *Hely,* 104 *N. J. L.* 84. It is urged that the verdict of the jury in favor of the plaintiff on this phase of the case is against the weight of the evidence. It is sufficient to say that we think it is not.

Defendants further contend that a new trial should be granted because the judge in his charge stated a principle of law not called for by the evidence. But that does not justify a new trial in the circumstances of the present case. The principle of law stated was abstractly correct. It was not misleading, or prejudicial, because the judge instructed the jury that it had no application to the facts of the case, and further correctly charged the pertinent principles of law.

Lastly it is said that the verdicts are excessive. We cannot say that they are. The wife had a verdict for $15,000. She was a young woman. The proofs show that she was a school teacher at the time of the accident, earning $205 a month. Prior to the accident she had good health, and attended for the most part to her household duties. She suffered a compound fracture of her right leg from which

small pieces of bone had to be removed as late as two years after the accident. Her leg was shortened an inch and an eighth. Her leg was exhibited to the jury. She was operated on five times. She had a fractured pelvis, which seems to have measurably cleared up at the time of the trial, but leaving a permanent displacement. She had a fractured spine causing backache. She has been under the care of a physician almost constantly since the accident and is in a very nervous condition. As to the $8,000 verdict of her husband: his actual expenditures of money for hospital, medical and surgical bills, and the like, proved at the trial, amounted to nearly $2,800 and he was entitled also to reasonable compensation for the loss of the services, consortium, companionship and society of his wife up to the time of trial, and to be reasonably anticipated in the future. The defendants produced no medical or other testimony with respect to damages.

The rule will be discharged, with costs.